■ MORTON B. HILLSLEY, Respondent, v. GLENNON BUILDERS, INC., Appellant, et al., Defendants.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County directing that $5,000 held by the Mooneys be paid to the respondent Hillsley. The dispute here is whether $5,000 held by the Mooneys should be paid to respondent Hillsley or appellant Glennon Builders, Inc. This in turn depends on whether the agreed price for which Hillsley was to build a house for the Mooneys for Glennon Builders was $30,000 as claimed by Hillsley or $25,000 as claimed by Birmingham, president of Glennon Builders. The Mooneys contracted with Glennon Builders to have a specific house built on a specific lot for $37,000. Of this amount $5,000 was for the lot. Hillsley claims that he agreed to build the house for $30,000 of which he has received only $25,000 to date. He testified that this was the figure agreed upon and there was no written agreement produced. Birmingham's testimony was that the agreed price was $25,000. We have here only a question of credibility, and we see no reason to disturb the trial court's evaluation of this issue. Judgment affirmed, with costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur: Taylor, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR BURTON STROUD, Appellant.— STALEY, JR., J. Appeal from an order of the County Court of Chemung County denying appellant's motion for a hearing before the court, upon the issue of voluntariness of certain statements, admissions and confessions introduced against the appellant upon his trial in June, 1956. The trial court, in the charge, made reference to the admissions in evidence, and instructed the jury in reference to the issue of admissions in court. It also charged the provisions of section 395 of the Code of Criminal Procedure and referred to appellant's contention that he did not have any recollection of what happened on the day of the crime from the early part of the day until some time later when he was in court and specifically charged that "you can take into consideration all of the facts and evidence to decide whether the confession was the voluntary confession of the defendant." The trial court's charge, under the *Huntley* ruling, entitles the appellant to a hearing (*People v. Huntley*, 15 N Y 2d 72). Order reversed, on the law and the facts, and proceeding remitted to the County Court of Chemung County for a hearing on the issue of voluntariness of defendant's statements in accordance with *People v. Huntley (supra)*. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.